IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY EUGENE MUSE, (TDCJ-CID #497094) | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-13-0545 |
| TANYA L. WILSON, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Gregory Eugene Muse, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in February 2013, alleging a denial of due process. Muse, proceeding *pro se* and *in forma pauperis*, sued Tanya L. Wilson, an officer at the Byrd Unit; Tommy Gooden, the Unit Grievance Investigator; Gregory H. Oliver, the Assistant Warden of the Eastham Unit; and Cheryl Lawson, a Regional Grievance Investigator for TDCJ. This court concludes that Muse's claims lack merit as a matter of law. This case is therefore dismissed and final judgment entered by separate order. The reasons are explained below.

I. The Allegations in Muse's Lawsuit

Muse alleges that prison officials improperly confiscated a diamond ring that was worth approximately $5,000.00. Muse states that on September 26, 2011, his property was searched and inventoried in preparation for his departure from the Eastham Unit. Muse was scheduled for a medical appointment at The University of Texas Medical Branch Hospital Galveston. The property form indicated that Muse had the following items when he left the Eastham Unit: a pair of Jordan tennis shoes, a pair of gold-rim eyeglasses, and a gold wedding ring with five diamonds. When he

arrived at the Byrd Unit, Muse presented his property form to Officer Wilson. After consulting with an unidentified officer at the Eastham Unit, Officer Wilson confiscated Muse's wedding ring because he did not have the proper authorization to possess it. On December 13, 2011, the property officer at the Byrd Unit, Carmesha Hicks, allegedly destroyed the ring.

On October 19, 2011, Muse filed a Step 1 Grievance, complaining of the wrongful confiscation of his wedding ring. Muse alleged that Officer Gooden, a Unit Grievance Investigator, failed to conduct a proper investigation of his property claim. Oliver responded to Muse's Step 1 Grievance, as follows:

> Your complaint has been reviewed. Prop-05 Inventories show on 09-26-11, a ring was inventoried that you had in your possession upon leaving Eastham Unit. Upon arriving at the Byrd Unit inventory does not show you in possession of a ring and no confiscation is shown. No evidence was found that TDCJ or its staff is responsible for your alleged property loss. Records do not indicate you arriving in TDCJ with a ring and Prop-08 in your records indicates on 06-28-05 shows ring confiscated and sent out on 08-09-05, No further action taken at this time.

(Docket Entry No. 1, Complaint, p. 16).

Muse filed a Step 2 Grievance, to which Lawson, a Regional Grievance Investigator, responded as follows:

> Your property complaint has been reviewed by this office. This investigation finds a lack of evidence which would indicate staffs responsibility in your alleged property loss. Due to the lack of evidence no further action will be taken. - djw.

(Docket Entry No. 1, Complaint, p. 18).

Muse seeks compensatory damages in the amount of $5,000.00; unspecified nominal damages; and unspecified punitive damages.

2

## II. Discussion

### A. The Legal Standard

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### B. The Due Process Claim

An inmate's allegation that his property was lost or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official acted intentionally. *Hudson v. Palmer*, 468 U.S. 517 (1984). In Texas, when an inmate's property is taken without compensation, he has a remedy in state court, not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no postdeprivation remedy or the remedy is inadequate. *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Muse has made neither of the required showings. His claim is based on a deprivation of property lacks an arguable basis in law.

### C.     The Claim of an Inadequate Grievance System

Muse alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.*, slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.*, slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Muse's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Muse show that the defendants investigated his grievances and provided timely responses. (Docket Entry No. 1, pp. 16, 18).

Muse's due process claim based on an inadequate grievance procedure lacks merit.

### IV.    Conclusion

The motion to proceed in *forma pauperis*, (Docket Entry No. 2), is granted. Muse's claims are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on May 22, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge